FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN 31  PM 5:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANGELIA ROPER,            }
                          }
    Plaintiff,            }
                          }
v.                        }     CASE NO. CV 96-B-0340-S
                          }
WAL-MART STORES, INC.,    }
                          }     ENTERED
    Defendant.            }
                          }     FEB 03 1997

MEMORANDUM OPINION

Currently before the court is the motion of defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "defendant") for summary judgment. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that the defendant's motion is due to be granted.

This case involves plaintiff Angelia Roper's ("plaintiff" or "Roper") allegations that defendant engaged in unlawful racial discrimination by treating her in a different manner than similarly situated white employees. Specifically, plaintiff, an African-American, maintains that the actions of defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2000(e)-17 (1994).

I. FACTUAL SUMMARY

Angelia Roper was employed as a sales associate by Wal-Mart at its Bessemer, Alabama retail supercenter. (Compl. at ¶ 9.) Roper alleges that after she had an encounter with an irate customer on October 31, 1995, she informed Danny White ("White"), a Wal-Mart assistant manager, of the problem. (Compl. at ¶ 10; Roper Dep. at 44 & 56.) According to Roper, White did not assist her, but instead told her to "shut up," to "hit the

clock and go home," and that he was not interested in what she had to say. (Roper Dep. at 56-59; Compl. at ¶ 10.)

Roper also testified that, after this incident, White walked through her department while she was working and made "grunting sounds" when he passed by her. (Roper Dep. at 76-77.) Roper offers no further description of these sounds, only saying that, "I passed him three times and he did the same thing." (*Id.* at 76.)

Roper reported the October 31, 1995 incident involving Danny White to Harry Miller, Wal-Mart's district manager over the Bessemer store. (Roper Dep. at 62-63.) Roper did not complain that White's conduct was based upon her race. (Roper Dep. at 177; McNeely Dep. at 42-43; McNeely Decl. at ¶ 12) White was verbally counseled for his conduct by Robert McNeely ("McNeely"), Wal-Mart's Bessemer store manager. (McNeely Dep. at 32-35; McNeely Decl. at ¶ 13.) According to McNeely, Roper never again complained of White's conduct, and Roper testified to no other problems involving White. (McNeely Decl. at ¶ 14).

Based upon White's alleged conduct, Roper filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 5, 1995. (Roper Dep. at 169-170.) On July 8, 1996, Roper filed a second EEOC charge, in which she maintained that defendant retaliated against her in violation of Title VII. (Roper Dep. at 182.) On February 13, 1996, Roper filed this action, alleging that Wal-Mart subjected her to disparate treatment based upon her race in violation of Title VII. (Compl. at ¶¶ 10-14.)

## II. SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED.R.CIV. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Rule 56 (c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted); *accord Spence v. Zimmerman*. 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of

3

evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. DISCUSSION

#### A.  Plaintiff's Allegations Must Be Limited In Scope

As an initial matter, it must be noted that a Title VII Complaint is limited to the scope of the EEOC investigation reasonably expected to grow out of the plaintiff's EEOC charge. *Hamm v. Members of Bd. of Regents of the State of Florida*, 708 F.2d 647, 650 (11th Cir. 1983). While the EEOC charge need not be identical to the subsequent suit, "'[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate.'" *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989), *reh'g denied*, 871 F.2d 122 (11th Cir. 1989) (citations omitted).

In the present case, Roper testified that White's conduct was the sole basis of her original EEOC charge. (Roper Dep. at 169-170; Ex. 7.) Thus, although Roper testified as to three other employment events, and although Roper filed a the retaliation charge on July 8, 1996, the only allegation of racial discrimination properly before this Court is that of the October 31, 1995 incident involving Danny White. (Compl. at ¶ 10.) Because plaintiff failed either to secure a right to sue on her second EEOC charge or to amend her Complaint to include her retaliation claims, her retaliation allegations are not properly before this court.

### B. Plaintiff's Claim of Disparate Treatment

Title VII provides that it shall be an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1) (1994). Plaintiff may establish a prima facie case of race discrimination "through presentation of evidence on one of three accepted methods: direct evidence of discriminatory intent; statistical evidence; or the four-pronged test set out in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) . . . ." *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1556-57 (11th Cir. 1995). In the present case, direct and statistical evidence are lacking, and therefore, plaintiff's Title VII disparate treatment claim is governed by the familiar tripartite framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* formulation, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once plaintiff establishes a prima facie case, Wal-Mart has the burden of production "to articulate some legitimate, nondiscriminatory reason" for the challenged employment action at issue. *Id.* If Wal-Mart satisfies this burden, plaintiff must then prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for intentional discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S 248, 256 (1981).

In order to establish a prima face case, plaintiff must show that: (1) she is a member of a group protected by Title VII; (2) she was qualified for the position; (3) she suffered an adverse effect on her employment; and (4) she suffered from differential application of work

5

or disciplinary rules. *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994). While plaintiff may be able to satisfy elements one, two, and three of this four-part formulation, she has failed to present sufficient evidence with respect to the fourth element.[1]

Again, the only incident of potential discrimination before this court is the one involving Danny White that apparently took place on October 31, 1995. In support of her allegation that this incident occurred on account of her race, plaintiff states that "I just know he wouldn't never treated a white employee like that." (Roper Dep. at 75.) Other than this conclusory statement, plaintiff offers no evidence that White's mistreatment of her was on account of her race. While the way in which White treated plaintiff may have been rude and inappropriate, "Title VII prohibits discrimination; it 'is not a shield against harsh treatment at the work place.'" *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986), *cert. denied*, 479 U.S. 1034 (1987) (citation omitted). Simply stated, Roper's claim fails because she has presented no evidence that she was treated differently than similarly situated white employees. Consequently, because conclusory and unsubstantiated allegations cannot create a genuine issue of fact, and because plaintiff has not presented any evidence that the incident at issue took place because of her race, plaintiff has failed to establish a prima facie case of discrimination.

---

[1] In their memoranda to the court, the parties discussed the merits of a hostile environment claim. However, plaintiff's complaint only states a disparate treatment cause of action. (Compl. at ¶ 10.) Even if plaintiff had amended her complaint to state a cause of action for hostile environment based on race in violation of Title VII, plaintiff has presented no evidence which would entitle her to recover under a hostile environment theory. Specifically, plaintiff has presented no evidence that she was subjected to "severe and pervasive" harassment, or that such harassment was based upon her race. *See Walker v. Ford Motor Co.*, 684 F.2d 1355, 1359 (11th Cir. 1982); *Dudley v. Wal-Mart Stores, Inc.*, 931 F. Supp. 773, 791 (M.D. Ala. 1996).

Therefore, the court concludes that defendant's motion for summary judgment is due to be granted.[2]

## IV. CONCLUSION

Based upon the foregoing reasons, the court holds that there is no genuine issue as to any material fact and defendant is entitled to a judgment as a matter of law. An order granting defendant's Motion for Summary Judgment shall be entered contemporaneously herewith.

DONE this 30% day of January, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

[2] Even if plaintiff were able to establish a prima facie case of discrimination, she has presented no evidence with respect to the issue of pretext. Consequently, summary judgment is appropriate on this alternative basis as well.

7