UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**

97 SEP 15 PM 3: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANGELIA ROPER                    }
                                 }
        Plaintiff,               }
                                 }
v.                               }        CASE NO. CV 96-B-0340-S
                                 }
WAL-MART STORES, INC.,           }
                                 }
        Defendant.               }        **ENTERED**
                                 }
                                          SEP 15 1997

## MEMORANDUM OPINION

Currently before the court is the motion of the defendant, Wal-Mart Stores, Inc., to recover attorney's fees and expenses. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the defendant's motion to recover attorney's fees is due to be denied.

On January 31, 1997, the court entered a Memorandum Opinion and Order in which it granted defendant's motion for summary judgment. Thereafter, defendant filed the motion to recover attorney's fees and expenses presently before the court. Because the Memorandum Opinion entered on January 31, 1996 contains a detailed review of the facts relevant to this dispute, the court will not reiterate those facts here, but will instead proceed to a substantive discussion of defendant's motion to recover attorney's fees and expenses.

## DISCUSSION

Defendant moves this court for an award of attorney's fees and expenses pursuant to section 706(k) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)-5(k)). This provision of Title VII provides that a district court may in its discretion allow an attorney's fee to the prevailing party. 42 U.S.C. § 2000(e)-5(k)(1988). Because the defendant's motion for

summary judgment has been granted, defendant is the prevailing party in this litigation for the purposes of assessing attorney's fees and costs. However, the standard for an award of attorney's fees to a prevailing Title VII defendant is much more stringent than the standard for an award of attorney's fees to a Title VII plaintiff.

In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court articulated the standard to be used in determining whether attorney's fees and costs should be awarded to a prevailing defendant. The opinion states: "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg*, 434 U.S. at 421. Although plaintiff did not prevail in the current case, her Title VII claims are not so frivolous, unreasonable, or lacking in foundation as to warrant an award of attorney's fees to the defendant.

The Eleventh Circuit has enumerated factors considered important in determining whether a plaintiff's Title VII claim is frivolous. *See Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). As *Sullivan* states, cases where findings of frivolity have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed R. Civ. P. 41(b) motion for involuntary dismissal where the plaintiffs have not produced any evidence to support their claims. *Sullivan,* 773 F.2d at 1189 (citations omitted). In cases where plaintiffs introduce evidence sufficient to support their claims, findings of frivolity typically do not stand. (*Id.*)(citations omitted). Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3)

2

whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

(*Id.*)

Although the current case was decided in the defendant's favor on a motion for

summary judgment, plaintiff did produce some evidence to support her claims. Plaintiff has

produced evidence and affidavits attesting to occurrences of inappropriate behavior on the part

of plaintiff's supervisor, Danny White. Unfortunately, plaintiff's opportunity to conduct

thorough discovery was cut short by the death of Mr. White. In light of this circumstance, the

Supreme Court's admonition in *Christianburg* is especially pertinent to this case:

> No matter how honest one's belief that he has been the victim of
> discrimination, no matter how meritorious one's claim may
> appear at the outset, the course of litigation is rarely predictable.
> Decisive facts may not emerge until discovery or trial. The law
> may change or clarify in the midst of litigation. Even when the
> law or facts may appear questionable or unfavorable at the outset,
> a party may have an entirely reasonable ground for bringing suit.

*Christianburg*, 434 at 422. Plaintiff has produced evidence tending to show that, at least, Mr.

White treated his African-American employees in a rude and dismissive manner. (Pl.'s

Evidentiary Submission in Supp., filed Dec. 16, 1996., Roper Aff. at ¶. 2-4; Buie Aff.;

Levert Aff.; Jones Aff.; Witherspoon Aff. at ¶. 2-3). Plaintiff's evidence could also be

construed to conclude that Mr. White blatantly discriminated against African-Americans in

performing his supervisory duties. (*See Id.*). Regardless, the evidence permits of an

interpretation that, while insufficient to prevail on a Title VII disparate treatment claim,

plaintiff has brought forth sufficient evidence to render her claim "meritorious enough to

3

receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991) (citing *O'Neal v. Dekalb County, Georgia*, 850 F.2d 653, 658 (11th Cir. 1988)).

An initial assessment of the three factors outlined in *Sullivan* for determining whether a claim is frivolous tends to favor an award of attorney's fees to the defendant in this case. Specifically, plaintiff has failed to establish a prima facie case of disparate treatment or a hostile environment under Title VII, defendant has not offered to settle, and the trial court dismissed the case prior to trial. However, *Sullivan* also warns that these factors "are general guidelines only, not hard and fast rules." *Sullivan*, 773 F.2d at 1189. The *Sullivan* factors, while relevant, are not dispositive in this case because of the special circumstances which prohibited discovery of the person who plaintiff alleged discriminated against her.

In a recent decision involving attorney's fees, the facts unfavorable to the plaintiff were more obvious than in the present case. In *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996), the Eleventh Circuit upheld an award of attorney's fees to a defendant in a Title VII case. The *Turner* opinion explains that the district court was justified in awarding the defendant attorney's fees where plaintiff knew that his claim was frivolous and continued with the litigation even after his lawyer had communicated to him that the case was without merit, and where plaintiff failed to oppose the defendant's motion for summary judgment precisely because he had no basis for doing so. *Turner*, 91 F.3d at 1422. In the current case, the plaintiff's actions do not rise to the level of frivolity and unreasonableness displayed by the conduct of the plaintiff in *Turner*. Specifically, Ms. Roper did not continue to litigate in the face of knowledge that her claims were frivolous, and she and her lawyer diligently opposed defendant's motion for summary judgment. In contrast to *Turner*, the

4

current case merely presents an example of an ultimately unsuccessful plaintiff attempting to litigate claims based on real examples of questionable treatment by a supervisor.  Because Ms. Roper's claims were not frivolous and in light of the fact that she was limited in her discovery of the events pertinent to the litigation, defendant's motion to recover attorney's fees and expenses is due to be denied.

## CONCLUSION

Based on the foregoing reasons, the court is of the opinion that defendant's Motion to Recover Attorney's Fees and Expenses is due to be denied.  An order denying defendant's motion will be entered contemporaneously herewith.

**DONE** this 15th day of September, 1997.

Sharon Lovelace Blackburn
**SHARON LOVELACE BLACKBURN**
United States District Judge

5